UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24051-CV-BLOOM
MAGISTRATE JUDGE REID

ANTHONY BRIAN JONES,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### **I. Introduction**

This matter is before the Court on Petitioner **Anthony Brian Jones's** *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Petitioner has also filed a Motion for Stay and Abeyance, which is also before the Court and will be addressed in this Report. [ECF No. 13]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF Nos. 2, 3].

Petitioner, who is serving a lifetime term of imprisonment, seeks to challenge the constitutionality of his state court criminal convictions for first degree murder and attempted second degree murder after a jury trial in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, in **Case No. F03-7898B**.

Upon review of the record in this case and in the state court, and as further discussed below, the Undersigned **RECOMMENDS** that the Petition [ECF No. 1] be **DENIED** on the merits and that the Motion to Stay [ECF No. 13] be **DENIED**.

## II.      Discussion

As an initial matter, there is significant disagreement between the parties regarding the timeliness of the Petition. In short, Petitioner argues that his new judgment in state court from January 10, 2018 renewed his one-year statute of limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A). [ECF No. 14]. Respondent agrees only to the extent that if the date of the new judgment were used, the Petition would be timely, but instead calculates the limitation period based on Petitioner's original judgment, which was entered on January 6, 2009. [ECF No. 10]. Respondent argues that the new judgment did not reset the statute of limitations because it was a ministerial act to correct a clerical error in that the original written judgment did not match the state court judge's oral ruling from the bench. [*Id.*].

Further complicating things, Petitioner argues on Reply that even if the Court were to use the original judgment, he should be able to equitably toll the limitations period because he was abandoned by his attorney, Bernard F. Daley, Jr., during his criminal appeal process. [ECF No. 14]. Essentially, Petitioner claims that he expressly ordered his attorney to file a notice of appeal for one of his postconviction motions, and that his attorney took his money but did not file his appeal. It appears

that nearly the same thing happened to potentially over 30 of his attorney's other clients, and that his attorney was permanently disbarred by the Florida Bar for taking money from clients and not performing the agreed upon legal work in their cases. *See In re: The Petition for Disciplinary Revocation of Bernard F. Daley, Jr.*, 168 So. 3d 225, Case No. SC15-330 (Fla. April 24, 2015). While the Undersigned finds the above situation very disturbing, a review of the Petition, indicates that it is unnecessary to reach the issues of timeliness and equitable tolling because Petitioner's claim is not cognizable in this federal habeas case.

A.    Petitioner's Newly Discovered Evidence Claim

Petitioner's sole claimed ground for relief in the Petition is that the "trial court abused its discretion when it denied Petitioner's claim of newly discovered evidence," which can be liberally construed as also raising an actual innocence claim. [ECF No. 1 at 5]. However, this does not present a federal constitutional issue and a challenge raising actual innocence based on newly discovered evidence is not a cognizable claim absent an independent constitutional violation. *See, e.g., Jones v. Sec'y, DOC*, No. 2:08-cv-625, 2011 WL 4435079, 2011 U.S. Dist. LEXIS 108869, at *39-44 (M.D. Fla. Sept. 23, 2011) (citations omitted*); see also Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[t]he existence of merely newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus" because "federal habeas courts sit to ensure that individuals are not

imprisoned in violation of the Constitution - not to correct errors of fact.") (internal quotations and citations omitted).

Here, the facts of Petitioner's claim are that after he was convicted in his criminal case, he filed a motion for postconviction relief in state court based on newly discovered evidence and attached a sworn affidavit from his co-defendant (who was tried separately and found not guilty), who asserted that Petitioner had nothing to do with the crime. [ECF No. 1 at 5]. The state court had an evidentiary hearing, where Petitioner's co-defendant testified further that a third person apologized to him for him and Petitioner "getting caught up" in the case. [*Id*.].

Despite this, the state court denied the motion and found that there was "no credible evidence that will lead this court to grant the defendant's motion." [ECF No. 11-4 at 2-3]. The state court did not find Petitioner's co-defendant credible because he repeatedly changed his testimony between the affidavit he signed, his prior deposition testimony, and his testimony at the evidentiary hearing. [*Id*.].

A federal court may only grant habeas relief from a state court judgment if the state court's decision on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented" in the state proceeding. 28 U.S.C. § 2254(d). This standard is "highly deferential" and "demands that state-court decisions be

4

given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).

Here, even if Petitioner had raised an issue that was cognizable under § 2254, Petitioner makes no mention of how the state court's decision was "contrary to" or an "unreasonable application" of federal law. As for whether the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented," it is not enough to show that the decision was incorrect or erroneous. A petitioner must show that it was objectively unreasonable, "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

In Petitioner's case, after viewing the evidence, including the testimony, affidavit, and prior deposition testimony of Petitioner's co-defendant, the state court determined the witness was not credible, and the state court must be given the benefit of the doubt. *See Cullen*, 563 U.S. at 181. Petitioner proffers nothing to meet his burden to show this was an objectively unreasonable determination beyond bare and conclusory allegations that the state court should have believed his co-defendant.

Finally, even liberally construing Petitioner's claim as an actual innocence claim it still fails because a freestanding claim of actual innocence in a non-capital case based on newly discovered evidence is not a ground for habeas corpus relief. *See Herrera*, 506 U.S. at 400. As discussed above, an actual innocence claim

depends on the existence of an independent constitutional violation, which is not pleaded nor present here. *See id*. Accordingly, this claim should be denied.

B.     Petitioner's Motion to Stay

In the Motion to Stay, Petitioner argues that his case should be held in abeyance while he exhausts a claim in state court. [ECF No. 13]. However, Petitioner did not include this claim in his Petition, and mentions it for the first time nearly two months after he filed his Petition. While the Court has discretion to stay a habeas petition to exhaust a "mixed" petition containing both exhausted and unexhausted claims in certain circumstances, Petitioner does not present a "mixed" petition in this case. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005) (holding that a district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition).[1] On this basis alone, the Motion to Stay should be denied.

Further, a stay should be denied because amendment to add Petitioner's other claim from state court would be futile. *See id*. at 277 ("even if a petitioner had good cause for the petitioner's failure to exhaust his claims, the district court would abuse

---

[1] When a federal habeas petition raises claims that have not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court," *Kelley v. Sec'y for the Dep't of Corr*., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim, *see Rhines*, 544 U.S. at 277-79.

its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). Here, the claim Petitioner seems to wish to add is that the state court "failed to attach parts of the record conclusively refuting [Petitioner's] claim that he was not brought to trial within 120 days, pursuant to the Interstate Agreement on Detainers Act, Section 941.45(4)(C), Florida Statutes" (the "IADA"). [ECF No. 13 at 14]. However, a state court failure to attach certain parts of the state court's records to an order is not cognizable because it is not a federal constitutional issue, as discussed above with respect to Petitioner's first claim.

Even liberally construing the proposed claim as purely claiming a violation of the IADA, it would still be futile. The IADA is a compact among forty-eight states, the District of Colombia, Puerto Rico, the Virgin Islands and the federal government of the United States. The IADA establishes procedures by which one jurisdiction may temporarily obtain custody of a prisoner in another jurisdiction for the purpose of bringing that prisoner to trial. *See generally Reed v. Farley*, 512 U.S. 339, 341 (1994) (citations omitted); *see also Remeta v. Singletary*, 85 F.3d 513, 517 (11th Cir. 1996) (discussing generally IADA); Fla. Stat. § 941.45.

The central provisions of the IADA are Articles III and IV. Article III provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer by filing a request for a final disposition. Within 180 days of receipt of the prisoner's request for final

disposition, the prisoner shall be brought to trial. The court may grant any necessary or reasonable continuance for good cause shown. *See Remeta*, 85 F.3d at 517; *see also* Fla. Stat. § 941.45, Art. III(a). Under Article IV, a signatory jurisdiction that has filed a detainer may receive temporary custody of a prisoner incarcerated in another jurisdiction, and then prosecute that prisoner for outstanding charges. *See id.*

The Supreme Court of the United States has recognized that the IADA is a state law, as well as a law of the United States. *See Reed*, 512 U.S. at 346 (citations omitted). However, an unwitting judicial slip resulting in a violation of the time limitations set forth in the IADA is "technical" and does not warrant habeas relief absent a petitioner showing prejudice. *See id*. at 349-352. In other words, a petitioner who did not alert the trial court of the lapse in time until after the time expired is not entitled to habeas relief when the violation did not "resul[t] in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Id*. at 350 (citations omitted).

In ruling on a similar issue under the IADA, the Eleventh Circuit recognized that "when determining whether nonconstitutional federal claims are cognizable in federal habeas corpus proceedings, the appropriate inquiry [is] whether the claimed error of law [is] a fundamental defect which inherently results in a *complete miscarriage of justice*, and whether [i]t present[s] exceptional circumstances where the need for the remedy  afforded by the writ of habeas corpus is apparent*." Seymore*

*v. Alabama*, 846 F.2d 1355, 1359 (11th Cir. 1988) (internal quotations and citations omitted) (emphasis in original). Specifically, the Eleventh Circuit joined the First, Second, Fourth, Eighth, Ninth, and Tenth Circuits and held that a violation of the IADA is a "nonfundamental defect and— absent a showing of some sort of prejudice— are uncognizable in a federal habeas corpus proceeding." *Id*. (citations omitted).

In the proposed claim, Petitioner makes no allegation that he alerted the state to the expiration of the 180-day time limitation before the period expired. Further, it appears from Petitioner's proposed claim that he is raising it for the first time on collateral review in state court more than 10 years after his trial in state court. Thus, it does not even appear that there was an IADA violation in the first place.

However, even assuming, *arguendo*, that there was an IADA violation, Petitioner's proposed claim is futile because he does not show that he was prejudiced and that the violation of the time limitation was anything more than an unwitting "technical" violation. Such a technical violation does not warrant habeas relief without a showing of prejudice, *see Reed*, 512 U.S. at 349-352, and there is no reason to grant a stay to exhaust a futile claim such as this. Accordingly, Movant's Motion to Stay should be denied.

9

### III.    Recommendations

Based on the above, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DISMISSED** on the merits and the Motion to Stay [ECF No. 13] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 15th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Anthony Brian Jones**
       421005
       Okeechobee Correctional Institution
       Inmate Mail/Parcels
       3420 NE 168th Street
       Okeechobee, FL 34972
       PRO SE

       **Noticing 2254 SAG Miami-Dade/Monroe**
       Email: CrimAppMIA@MyFloridaLegal.com

       **Sandra Lipman, Esq.**
       Office of the Attorney General
       444 Brickell Avenue, Suite 650
       Miami, FL 33131
       Email: sandra.lipman@myfloridalegal.com

10