UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24051-BLOOM/Reid

ANTHONY BRIAN JONES,

     Petitioner,

v.

STATE OF FLORIDA,

     Respondent.
                                       /

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Report and Recommendation of the Honorable Lisette M. Reid. ECF No. [19] ("Report"). On April 15, 2020, Judge Reid issued her Report recommending that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. [1] ("Petition"), be denied on the merits and that Petitioner's Motion for Stay and Abeyance, ECF No. [13] ("Motion to Stay"), be denied. ECF No. [19] at 2. The Report further advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.* at 10.[1]

Petitioner timely filed his objection to the Report on May 15, 2020. ECF No. [22] ("Objection").[2] This Court has conducted a *de novo* review of the portions of the Report to which

---

[1] On April 28, 2020, Petitioner requested an extension of time within which to file his objections due to the ongoing COVID-19 pandemic. ECF No. [20]. On the same day, this Court granted Petitioner's request and ordered that any objections to the Report were to be filed by May 15, 2020. ECF No. [21].

[2] The Court of Appeals for the Eleventh Circuit has recognized "the prison mailbox rule, under which 'a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'" *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). Under this prison mailbox rule, courts should assume, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v.*

Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and has reviewed the remainder of the Report for clear error. Upon review, the Court finds that the Objection is without merit and is therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court first notes that Petitioner's Objection is improper, as it further attempts to expand on arguments originally raised in the Petition and considered by the Magistrate Judge, based on Petitioner's disagreement with the Report's recommendations. Specifically, Petitioner's Objection attempts to reargue issues previously presented in the Petition that the postconviction court's credibility determination regarding the newly discovered exculpatory witness testimony was an unreasonable and clearly erroneous result, given the facts and testimony presented at the evidentiary hearing. ECF No. [22] at 3.

"It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Nevertheless, even considering Petitioner's Objection on the merits, the Court concludes that it must be overruled.

Petitioner's Objection is centered around the postconviction court's purportedly erroneous analysis regarding the credibility of the exculpatory witness's testimony, which Petitioner contends resulted in a miscarriage of justice. ECF No. [22] at 4. Additionally, Petitioner maintains

---

*United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

that Judge Reid's Report failed to construe his claims with the proper leniency afforded to *pro se* litigants and applied the incorrect analysis to the legal issues presented. *Id.* Petitioner's Objection takes issue with the standard applied when Judge Reid reviewed his claims.

The Eleventh Circuit has described the limited scope of federal habeas review under 28 U.S.C. § 2254:

> [Section] 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). . . . Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" [*Burt v. Titlow*, 134 S. Ct. 10, 15 (2013)] (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

*Tharpe v. Warden*, 834 F.3d 1323, 1337 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2298 (2017); *see also Williams v. Sec'y, Fla. Dep't of Corr.*, No. 3:17-cv-934-J-34MCR, 2020 WL 2219193, at *3 (M.D. Fla. May 7, 2020). "The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also James v. Warden*, 957 F.3d 1184 (11th Cir. 2020).

Rather, "[f]ederal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" *Tharpe*, 834 F.3d at 1338 (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The burden of proof is high; 'clear error will not suffice.'" *Adams v. Sec'y, Fla. Dep't*

*of Corr.*, No. 3:17-cv-509-J-39MCR, 2020 WL 2329551, at *1 (M.D. Fla. May 11, 2020) (quoting *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017)).

"A federal district court must give appropriate deference to a state court decision on the merits." *Id.* (quoting *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018)). Likewise, "a state court's decision to credit a[] [] witness's testimony is a factual finding, to which [courts] are obliged to defer, unless the petitioner rebuts the finding . . . ." *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1315 (11th Cir. 2016) (citing *Bottoson v. Moore*, 234 F.3d 526, 534 (11th Cir. 2000); 28 U.S.C. § 2254(e)(1)). Thus, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Meders v. Warden*, 911 F.3d 1335, 1349 (11th Cir. 2019) (quoting *Holsey v. Warden*, 694 F.3d 1230, 1257 (11th Cir. 2012)).

Based upon the standard set forth above regarding federal habeas review, it is apparent that Judge Reid's Report addressed Petitioner's claim under the proper legal analysis and granted the postconviction court the requisite deference in assessing the factual findings. As noted in the Report, the postconviction court found that Petitioner's exculpatory witness lacked credibility, and this conclusion will not be disturbed absent Petitioner establishing with clear and convincing evidence that this credibility finding was objectively unreasonable. Because he has failed to meet his high burden here, Petitioner's Objection is overruled.

This Court has further conducted a *de novo* review of Judge Reid's Report, the record in this case, and is otherwise fully advised. *Williams*, 557 F.3d at 1291 (citing 28 U.S.C. § 636(b)(1)); *Bradley v. Inch*, No. 17-23731-CIV, 2020 WL 1493018, at *1 (S.D. Fla. Mar. 27, 2020) ("Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error." (citing *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, LLC*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir.

2006))). Upon review, the Court finds Judge Reid's Report to be well reasoned and correct. The Court therefore agrees with the analysis in the Report and concludes that Petitioner is not entitled to habeas relief for the reasons set forth therein. Likewise, the Court concurs with Judge Reid's recommendation to deny Petitioner's Motion to Stay.

Moreover, to the extent that Petitioner may seek a certificate of appealability ("COA"), the Court concludes that he has failed to establish his entitlement to a COA in this case. "A prisoner seeking to appeal a district court's final order denying his § 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability[.]" *Bradley v. Inch*, No. 17-cv-23731, 2020 WL 1496127, at *9 (S.D. Fla. Mar. 6, 2020) (citing 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009)), *report and recommendation adopted*, 2020 WL 1493018. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254. To obtain a certificate of appealability ("COA"), a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner satisfies this requirement by demonstrating that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Cruz v. Sec'y, Fla. Dep't of Corr.*, No. 19-14201-B, 2020 WL 1991466, at *1 (11th Cir. Apr. 8, 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

In this case, Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Keeping in mind that the purpose of such certificates is 'to separate

out those appeals that deserve more careful attention from the ones that do not,'" the Court concludes that reasonable jurists would not find the Court's assessments to be debatable or wrong here. *Woodson v. Inch*, No. 19-cv-22818, 2020 WL 837341, at *2 (S.D. Fla. Feb. 19, 2020) (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004), *aff'd on other grounds sub nom.*, *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). As such, the Court concludes that Petitioner is not entitled to a COA.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Reid's Report and Recommendation, **ECF No. [19]**, is **ADOPTED**.
2. The Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **DENIED** on the merits.
3. No Certificate of Appealability shall issue.
4. Petitioner's Motion for Stay and Abeyance, **ECF No. [13]**, is **DENIED**.
5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.
6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 22, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette Reid

Counsel of Record

Case No. 19-cv-24051-BLOOM/Reid

Anthony Brian Jones
421005
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972

7